MEMORANDUM *
Plaintiffs Greater Yellowstone Coalition, Natural Resources Defense Council, Sierra Club, and Defenders of Wildlife (collectively, “the Coalition”) appeal the district court’s denial of their motion for a preliminary injunction. The Coalition asked the district court to enjoin J.R. Simplot Company’s (“Simplot”) expansion of its Smoky Canyon Mine pending a decision on the merits, arguing that the United States Forest Service and the Bureau of Land Management (“the Agencies”) inadequately analyzed the project’s impact on the environment in violation of the National Environmental Policy Act (“NEPA”), 42 U.S.C. § 4321 et seq.; further, that the project violates the Clean Water Act (“CWA”), 33 U.S.C. § 1251 et seq.; and the National Forest Management Act (“NFMA”), 16 U.S.C. § 1600 et seq.
“A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.” Winter v. Natural Res. Def. Council, Inc., — U.S.-, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). In addition to this traditional test, this Court has consistently applied an alternative “sliding-scale” test under which a preliminary injunction may be granted where the plaintiff “demonstrates either a combi *514 nation of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.” See Save Our Sonoran, Inc., v. Flowers, 408 F.3d 1113, 1120 (9th Cir.2005) (citations omitted).[1]
A district court’s order with respect to preliminary injunctive relief is subject to limited review and will be reversed only if the district court “abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact.” Id. at 1120-21 (9th Cir.2005) (quoting United States v. Peninsula Commc’n, Inc., 287 F.3d 832, 839 (9th Cir.2002)). Mere disagreement with the district court’s conclusions is not sufficient reason for us to reverse the district court’s decision regarding a preliminary injunction. Save Our Sonoran, 408 F.3d at 1121.
Under this very deferential standard of review, we find no abuse of discretion in the district court’s preliminary conclusion that Appellants were not likely to succeed on the merits. However, Appellants have raised very “serious questions,” see id. at 1120, regarding whether the Agencies acted in violation of NEPA, the CWA, and the NFMA in their approval of the proposed expansion of the Smoky Canyon Mine.
Under our deferential standard of review, we also find no abuse of discretion in the district court’s preliminary determination that Appellants had not established a likelihood of irreparable harm due to potential selenium contamination pending the district court’s decision on the merits. However, the district court improperly cabined its irreparable harm analysis by failing to consider harm caused by Sim-plot’s preparatory actions related to the mine’s expansion. These preliminary activities include construction of a one-hundred-foot-wide reinforced haul road which will be used for transporting timber and mining equipment; timber harvest at the locations of Panel F and Panel G; and topsoil stockpiling, which entails removing topsoil from the areas to be mined and storing it for later use in constructing a cover for the mining overburden. The activities to date in respect to building the road have already permanently changed the roadless character of the area. However, the planned logging and removal of topsoil from Panels F and G have not yet taken place.
Because the district court did not include these activities in its irreparable harm analysis, we must vacate the order of the district court and remand the case for the district court to consider these effects in the first instance. Because of the possibility that the district court may conclude that irreparable harm might occur as the result of these activities, we order that the preliminary activities in preparation for mine expansion on Smoky Canyon Mine Panels F and G be temporarily stayed until the district court has had an opportunity to consider the remaining issues pertaining to irreparable harm and re-analyze its conclusions as to the issuance of a preliminary injunction in light of its analysis of irreparable harm. Unless extended by the district court, this stay shall remain *515 in effect only until the district court has issued its decision on remand. The district court is vested with full authority to modify the terms of the stay pending its decision on remand in order to minimize any economic effects, so long as the modification does not allow irreparable alteration of the status quo to occur.
In addition, the district court is instructed to conduct expedited briefing on the final merits of the case. At oral argument, the parties agreed that they could meet an expedited summary judgment briefing schedule, and that the case could be submitted without additional evidence because it was based on the administrative record. Furthermore, the parties agreed that an expedited briefing schedule was in the best interests of all involved, considering the possibility of economic harm resulting from delaying the project and the allegations of irreparable environmental harm resulting from proceeding with the mine’s expansion.
In remanding, we emphasize that we do not prejudge the merits of the district court’s inquiry, leaving the remaining issues for consideration by the district court in the first instance. Because we are not reaching the merits, the district court should not delay any proceedings in anticipation that we will issue a further decision that might impact the final resolution of this case in the district court.
The district court’s order denying the Coalition’s request for a preliminary injunction is AFFIRMED in part, VACATED in part, and REMANDED to the district court for proceedings consistent with this order. Each party shall bear its own costs on appeal. The panel will retain jurisdiction over any subsequent appeals in this case.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We note that while Winter held that it is not sufficient for a plaintiff to show a mere possibility of irreparable harm in order to prevail on his request for preliminary injunctive relief, see Winter, 129 S.Ct. at 375-76, Winter did not reject the sliding scale approach we employ in the alternative. See id. at 392 (Ginsburg, J., dissenting) (opining that the Court does not reject the "sliding-scale” formulation, under which relief is sometimes awarded "based on a lower likelihood of harm when the likelihood of success is very high”). We find it unnecessary in this case to define the sliding-scale formulation’s precise post -Winter contours.